STATE OF LOUISIANA IN THE INTEREST OF C. H.
No. 2008 CJ 1101.
Court of Appeals of Louisiana, First Circuit.
September 23, 2008.
NOT DESIGNATED FOR PUBLICATION
DOUG MOREAU, District Attorney MELANIE FIELDS, Assistant District Attorney, Counsel for Appellee State of Louisiana
SEAN COLLINS, Counsel for Appellant, J.W.
Before: KUHN, GUIDRY, AND GAIDRY, JJ.
GAIDRY, J.
In this child in need of care proceeding, the mother appeals a trial court judgment ordering the child to remain in the custody of the Department of Social Services, Office of Community Services ("OCS"). We affirm.

FACTS AND PROCEDURAL HISTORY
J.W., a homeless woman with drug problems, gave birth to a child, C.H., on November 26, 2007. The birth did not take place in a hospital, and after the birth, J.W. brought C.H. to the hospital, where both J.W. and C.H. tested positive for cocaine. Shortly after the birth, J.W. entered a drug-treatment facility called Reality House, and once C.H. was released from the hospital, she brought C.H. to live there with her. After a short time, J.W. attempted to leave Reality House with C.H. Workers from Reality House contacted OCS, and an OCS investigator obtained a verbal hold order from the court. OCS workers were unable to immediately locate C.H.'s biological father, P.H., so C.H. was placed with J.W.'s aunt, G.S., who also had custody of J.W.'s two-year-old son.
After a January 24, 2008 juvenile court hearing, C.H. was placed with her father, P.H. P.H. had no home of his own and lived, at least part of the time, with his mother, J.H. At a March 12, 2008 hearing, P.H. and J.W. were both ordered to submit to a drug test. Both tested positive for drugs. At that time, C.H. was adjudicated a child in need of care and placed in the custody of OCS. OCS placed C.H. in the home of J.H., her paternal grandmother, where she had been living previously while in the custody of her father, P.H.
A disposition hearing was held April 14, 2008. J.W. testified that although she was unable to care for C.H., she would like her placed with G.S., J.W.'s aunt who C.H. was originally placed with, and who had custody of another of J.W.'s children. G.S. testified that she would be willing to take C.H. if the court felt that it was in C.H.'s best interests; however she seemed hesitant to do so and assured the court that she and J.H., C.H.'s paternal grandmother, could cooperate to make sure C.H. visited with her maternal family and her sibling if C.H. continued to live with J.H. The court questioned the OCS case worker regarding OCS's placement of C.H. back in the same home with the same people as prior to her adjudication as a child in need of care and placement in OCS custody, calling the change "fictitious." The OCS case worker testified that placement is with J.H., not P.H., that J.H. was cooperating with OCS, and that P.H. only lives in the home part time; the rest of the time he lives with his girlfriend. She stated that P.H. was working his case plan and working towards eliminating the need for C.H. to be in custody, and it was expected that C.H. would be reunited with her father in the future.
After hearing all the testimony, the court ordered that C.H. remain in the custody of OCS. The court found that there was "continued necessity for the child to remain in custody for her safety and protection and in the child's best interest." The court also found that the State, through the services outlined in its original case plan, had exercised reasonable efforts to prevent or eliminate the need for removal of C.H. from her home.
J.W. appealed from this judgment, asserting that the court erred by placing C.H. in the custody of OCS, rather than with G.S. She argues that, in accordance with La. Ch. C. art. 681, the court should place custody with an appropriate relative, if one steps forward at the disposition hearing as G.S. did, or explain why it chose not to.

DISCUSSION
A trial court's determination regarding child custody is to be afforded great deference and should not be disturbed absent a clear abuse of discretion. State ex rel. J.W., 00-1445 (La.App. 4 Cir. 01/10/01), 779 So.2d 961.
Louisiana Children's Code article 681, entitled "Dispositional Alternatives," provides, in pertinent part:
A. In a case in which a child has been adjudicated to be in need of care, the child's health and safety shall be the paramount concern, and the court may:
(1) Place the child in the custody of a parent or such other suitable person on such terms and conditions as deemed in the best interest of the child including but not limited to the issuance of a protective order pursuant to Article 618.
(2) Place the child in the custody of a private or public institution or agency.
(3) Commit a child found to be mentally ill to a public or private mental institution or institution for the mentally ill.
(4) Grant guardianship of the child to any individual.
(5) Make such other disposition or combination of the above dispositions as the court deems to be in the best interest of the child.
Louisiana Children's Code article 683 requires the court to impose the least restrictive disposition of the alternatives enumerated in Article 681 which the court finds is consistent with the circumstances of the case, the health and safety of the child, and the best interest of society, and also requires that the court place the child in the custody of a relative unless it has made a specific finding that such placement is not in the best interests of the child.
The court found that it was necessary for C.H. to remain in the custody of OCS at the time, and that that disposition was in her best interests. OCS was ordered to develop a new case plan and work with the parents toward reuniting with C.H. C.H. was in fact placed with a relative, J.H., her paternal grandmother, and there is nothing in the law which requires that placement be with the relative of J.W.'s choosing. Based on our review of the law and the evidence in the record, we do not believe that the trial court abused its discretion in finding that it was in the child's best interests to remain in the custody of OCS.
J.W.'s assignment of error has no merit.

DECREE
The April 14, 2008 judgment of the trial court is affirmed. Costs of this appeal are assessed to J.W.
AFFIRMED.